**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MARVIN ANTHONY STRUNK,

               Plaintiff,

v.                                CIVIL ACTION NO.   2:15-cv-16563

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Marvin Strunk's ("Claimant") Complaint seeking review of the decision of then Acting Commissioner of Social Security, Carolyn W. Colvin ("Commissioner").[1]   (ECF No. 2.)   By Standing Order entered May 7, 2014, and filed in this case on December 31, 2015, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ("PF&R").   (ECF No. 4.) Due to Magistrate Judge VanDervort's retirement, this case was referred to United States Magistrate Judge Omar J. Aboulhosn on January 4, 2016, for submission of PF&R.   (ECF No. 5.) Magistrate Judge Aboulhosn filed his PF&R on October 6, 2016, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket. (*See* ECF No. 17.)

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, replacing the former Social Security Commissioner, Carolyn W. Colvin, the original Defendant in this case.   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Berryhill is automatically substituted as the Defendant.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Failure to file timely objections constitutes a waiver of de novo review and Claimant's right to appeal this Court's Order.   28 U.S.C. § 636(b)(1).   *See also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).   In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982).   Objections to the PF&R were originally due on October 24, 2016, and Claimant filed a timely objection to the PF&R on October 18, 2016. (ECF No. 18.)   The Commissioner submitted her response to Claimant's objection on October 25, 2016.   (ECF No. 19.)

Claimant makes a single objection in his filing.   He claims that Magistrate Judge Aboulhosn erred by "[f]ailing to adequately address the issue raised by Strunk on appeal – that the ALJ failed to account for Strunk's moderate difficulties in concentration, persistence, or pace, which the ALJ specifically had found to exist . . . ."   (ECF No. 18 at 1 (citing ECF No. 17 at 29–34).)   Claimant argues that the ALJ found him to have "moderate difficulties in concentration, persistence, or pace," yet did not consider such findings in his residual functional capacity ("RFC") limitations.[2]   (*See id.* at 2.)   Citing *Mascio v. Colvin*, Claimant avers that because the ALJ neither

---

[2] While Claimant also asserts that the ALJ failed to consider the state agency psychologist's opinion regarding Strunk's RFC limitations in concentration, persistence, or pace, despite giving that opinion "great weight," (*see* ECF No. 18 at 2), the Court will not discuss this objection in depth because Claimant does not argue that consideration of this expert opinion in the RFC would lead to a different result.  *See Guest v. Colvin*, No. 1:15CV00776, 2016 WL 4007612, at *6 (M.D.N.C. July 26, 2016) (recognizing that the ALJ's failure to include the state agency psychological consultants' social restrictions in the mental RFC was, at most, harmless error) (citing *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (observing that "[n]o principle of administrative law or common sense requires us to

2

"include[d] for concentration, persistence, and pace in the hypothetical or . . . explain[ed] in the RFC assessment why including this limitation was unnecessary," the ALJ's RFC assessment and decision to deny Claimant benefits are "not supported by substantial evidence."   (*See* ECF No. 18 at 3 (citing 780 F.3d 632, 638 (4th Cir. 2015)).)

The Commissioner's response presents a two-fold argument.   First, she argues that Claimant's current objection is simply a reiteration of the same issue raised in his initial brief and thus has already been considered by Magistrate Judge Aboulhosn in his PF&R.   (*See* ECF No. 19 at 2–3 (citing ECF No. 17 at 32–33).)   Additionally, the Commissioner argues that the ALJ sufficiently considered Claimant's moderate limitations in concentration, persistence, or pace in the RFC assessment "by limiting him to only occasional interaction with coworkers and supervisors; no tandem tasks; and no interaction with the public, no further limitation was required."   (*Id.* at 3–5.)   Therefore, the Commissioner concludes that "[b]ecause the ALJ's RFC assessment was supported by substantial evidence, the PF&R should be approved and adopted . . . ."   (*Id.* at 6.)

The Commissioner uses a five-step "sequential evaluation" process to evaluate a disability claim.   *See* 20 C.F.R. §§ 404.1520(a), 416.920(a)(4).   In summary, the evaluation proceeds as follows:

> The ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can

---

remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result")).   The ALJ here noted the state psychologist's opinion and stated that it was "well supported by a reasonable explanation and the available evidence."   (*See* ECF No. 10-2 at 24.)   However, the ALJ made clear that he did not consider that opinion further because the expert "did not have the same opportunity as the [ALJ] to review the evidence submitted through [the] date of the hearing or to see and hear the claimant's testimony."   (*Id.*)   Further, as more fully discussed herein, the ALJ did, in fact, find limitations consistent with the state agency consultant's opinion, but then appropriately did not include them in the RFC.

perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio*, 780 F.3d at 634.   As a result of Claimant's objection, the question before the Court is whether mental impairments were properly considered in the RFC discussion located before the ALJ's step four determination.   (ECF No. 10-2 at 19–24.)   In assessing a claimant's RFC, adjudicators "'must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations."   *See Mascio*, 780 F.3d at 636 (citing Social Security Ruling 96–8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)).   The RFC discussion "must include a narrative discussion describing how the evidence supports each conclusion."   *See id.*   The ALJ may explain in the RFC assessment that certain mental or physical impairments discussed in step three of the analysis do not affect the claimant's work ability, and in that scenario, the adjudicator may properly exclude them from the hypothetical posed to the vocational expert ("VE") in step five of the analysis.   *See id.* at 638.

To comply with the holding of *Mascio*, an ALJ should either "(1) include[ ] a limitation for concentration, persistence, and pace in the hypothetical [posed to the VE] or (2) explain[ ] in the RFC assessment why including this limitation was unnecessary."   *Jackson v. Colvin*, No. 3:14-CV-24834, 2015 WL 5786802, at *5 (S.D. W.Va. Sept. 30, 2015) (citing *Mascio*, 780 F.3d at 638). In *Jackson*, the ALJ "did not explain in any way how Jackson could perform light work while laboring under moderate mental limitations."   *Id.* at *3 ("[T]he ALJ's one-line summary statement that moderate mental limitations were found, unaccompanied by any explanation of the effect those mental limitations have on Jackson's ability to perform light work, does not afford this Court an opportunity to meaningfully review the ALJ's decision."   (citation omitted)).   The ALJ found

that the claimant had moderate limitations in his concentration, persistence, or pace, but failed to discuss in the RFC assessment why those limitations did not affect his ability to work or include the limitation in the hypothetical. *See id.* at *4. Therefore, the Court found that the ALJ's discussion was deficient and remanded the case for further analysis. *See id.* at *5.

This Court and others within the Fourth Circuit have "limited *Mascio*'s holding when the record supports a claimant's ability to engage in simple and routine tasks." *See, e.g.*, *Stover v. Colvin*, No. 3:15-CV-06269, 2016 WL 5402762, at *2–3 (S.D. W.Va. Sept. 27, 2016) (citing *Ward v. Colvin*, No. 0:15-00975-TMC, 2016 WL 2956376, at *3 (D.S.C. May 23, 2016); *Brewer v. Colvin*, No. 7:14-CV-712, 2016 WL 1179224, at *5 (W.D. Va. Mar. 23, 2016)). In *Keatley v. Colvin*, this Court analyzed an ALJ's discussion of a claimant's limitations related to concentration, persistence, or pace, and found that the ALJ provided a thorough explanation for why the claimant's alleged limitations did not affect her ability to work. *See* No. 5:15-CV-12290, 2016 WL 4539662, at *5–6 (S.D. W.Va. Aug. 31, 2016). Specifically, the Court quoted the following section of the ALJ's decision before concluding that the ALJ was justified in omitting questions related to the claimant's mental limitations from the hypothetical posed to the VE:

> The [c]laimant is still able to watch television, do laundry, perform household chores, care for her personal needs, assist her husband with the cooking, use the vacuum, read, swim, walk to her mailbox, water and 'dead-head' her flowers, shop for groceries and gifts, play Yahtzee, go to the mall, talk on the telephone, receive visits from family members, attend doctors' appointments, drive, pay bills, handle a savings account, and use a checkbook/money orders.

*Id.* at *6 (noting that this passage provided the Court with a "fulsome explanation" of why the claimant's purported limitations in concentration, persistence, or pace did not affect her work ability). These findings led the ALJ to omit questions regarding the claimant's mental limitations from the hypothetical and conclude that the claimant was not precluded from competitive work

5

activity.  *Id.* at *5–6 (finding that the ALJ "complied with the requirements of *Mascio*" and overruling the claimant's objection).   This is unlike the ALJ's decision in *Stover*, where this Court found that remand was necessary because the ALJ recognized the claimant's mental limitations but failed to include a "sufficient explanation as to why Petitioner's concentration and focus were not addressed in the hypothetical questioning, especially when linked to [the claimant's] testimony to pain experienced during a workweek."  *See* 2016 WL 5402762, at *2–3 (noting that automatic remand is not required when an ALJ fails to explain why the hypothetical questions posed to the VE do not contain specific limitations accounting for the inability to stay on task).

Here, the crux of Claimant's argument is that the ALJ's RFC assessment "was [not] supported by substantial evidence when the ALJ [did] not include any limitations to account for Strunk's moderate difficulties in concentration, persistence, or pace . . . ."  (ECF No. 18 at 2.) While the ALJ's determination first reviewed Claimant's mental impairments and concluded that he "has a moderate limitation in 'concentration, persistence and pace,'" (ECF No. 10-2 at 18), the ALJ did not include any specific limitations of concentration, persistence, or pace in the RFC or the hypothetical posed to the VE.  (*See id.* at 19, 25 ("[T]he [ALJ] asked the [VE] whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity.").)   Because no limitation for concentration, persistence, or pace was included in the hypothetical, the ALJ was required to explain in the RFC assessment why including this limitation was unnecessary.  *See Mascio*, 780 F.3d at 638; *Jackson*, 2015 WL 5786802, at *5.   The Court finds that, like the ALJ in *Keatley*, the ALJ here sufficiently explained why Claimant's purported limitations did not affect his work ability.   The ALJ noted the following in the RFC discussion:

> [T]he claimant noted in his function report that he can dress, bathe, care for his hair, feed himself and use the bathroom all unassisted.   The claimant takes out the garbage and mows the grass.   The claimant goes outside three to four days a week. The claimant can ride in a car or walk to get where he needs to go.   Mentally, the claimant is able to pay bills, count change, handle a savings account and use a checkbook or money order.   The claimant noted his ability to handle money has not changed since his impairments began.   The claimant likes to watch television. The claimant testified he can play with his grandchild.   He gets up about six or seven and plays with his grandkid.   His grandchild is about 17 months old. Sometimes the claimant cooks out with his grandchild on the porch.   The claimant alleged he cannot work but he can do all of the above activities and this undermines his credibility.

(ECF No. 10-2 at 23.)   This type of explanation was absent from the ALJ's decisions in *Jackson* and *Stover* in which remand was necessary.

In Claimant's RFC assessment, the ALJ also analyzed an earlier RFC assessment of Claimant from ten years ago.   (*See id.* at 23–24.)   While the prior RFC assessment found that Claimant's difficulties in concentration, persistence, or pace affected his work ability, the ALJ here noted that "[m]uch time has passed since [that] opinion was given," and that "[s]uch an opinion is not consistent with the overall medical record or the above [RFC determination]."   (*Id.* at 23.)   After considering the evidence, including the mental impairments discussed in step three, the ALJ chose to give that prior RFC assessment "little weight."   (*See id.*)   Because the ALJ explained why Claimant's purported limitations in concentration, persistence, and pace did not affect his ability to work as it did not limit his ability to engage in other activities requiring concentration and focus, the ALJ was not required to include the limitation in the hypothetical posed to the VE.   *See Mascio*, 780 F.3d at 638.   Thus, the Court is able to uphold the ALJ's decision that Claimant is not disabled, and remand is not necessary.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 17), **DENIES** Claimant's Motion for Judgment on the Pleadings, (ECF No. 12), and **GRANTS** the Commissioner's Motion for

Judgment on the Pleadings.   (ECF No. 13.)   Further, the Court **AFFIRMS** the final decision of the Commissioner, **DISMISSES** the Complaint, (ECF No. 2), and **DIRECTS** the Clerk to remove this case from the Court's docket.

       **IT IS SO ORDERED**.

       The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

              ENTER:       February 2, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE